**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| CALVIN CAMPS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOYCE ADAMS, et al | : | NO. 08-4994 |

Goldberg, J.                                                                        August 5, 2009

### MEMORANDUM OPINION

Plaintiff Calvin Camps, <u>pro se</u>, brings this action against Defendants Joyce Adams, Bryant, Rune Hellerslia, and Burnett alleging a violation of his constitutional rights during his incarceration.[1] Defendant Hellerslia has filed the instant Motion to Dismiss which, for reasons set forth below, will be granted.

### FACTS

Viewed in the light most favorable to Plaintiff, the Complaint alleges the following facts against Warden Joyce Adams, Deputy Warden Bryant, Rune Hellerslia, and Correctional Officer Burnett:[2]

On January 21, 2008, while Plaintiff was incarcerated at the Philadelphia Industrial Correctional Center ("PICC"), Defendant Hellerslia allegedly fabricated charges against him on a misconduct report. The report resulted in Plaintiff, "being [m]oved [f]rom B-1 unit to F-1 unit (Hold[)]." (Complaint, ¶ 3). Plaintiff claims that all of the Defendants, but particularly Hellerslia, Adams and Bryant, failed to hold a hearing before he was transferred. Plaintiff also complains that

---

[1] The Complaint does not include a first name for Defendants Bryant or Burnett.

[2] Plaintiff incorrectly designates Hellerslia as "Social Worker Rune Hellerslia." (Hellerslia's Mem., p. 1).

1

he was not provided with a copy of the misconduct report and that the Defendants did not investigate the false charges.  After the transfer, Plaintiff claims that his outgoing mail was stopped, which prevented him from sending and filing legal papers.  Plaintiff additionally claims that the Defendants denied him proper medical treatment.  (See generally, Complaint).

Plaintiff filed his Complaint in the Philadelphia Court of Common Pleas on October 7, 2008. The case was then removed to this court on October 21, 2008, by Hellerslia.  On October 24, 2008, Hellerslia filed the instant Motion to Dismiss.

## LEGAL ANALYSIS

In considering 12(b)(6) motions, "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  Complaints filed by pro se litigants are to be liberally construed and may not be dismissed unless the court concludes that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

I. Allegations in the Complaint

We have identified the following possible constitutional claims in Plaintiff's Complaint: a claim for the violation of Plaintiff's First Amendment rights and the deprivation of his access to the courts due to the stoppage of Plaintiff's legal mail; a Due Process claim stemming from Defendants' disciplinary action against Plaintiff; and an Eighth Amendment claim based on the Defendants' failure to treat Plaintiff's medical condition.  (See generally, Complaint).

2

## II. Stoppage of Legal Mail

The Complaint fails to allege that Hellerslia was personally involved in stopping Plaintiff's mail, and therefore, any claims against Hellerslia on this basis will be dismissed.  A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Id.  Here, even reading the Complaint in the light most favorable to Plaintiff, Hellerslia's involvement was limited to filing a false misconduct report which resulted in the transfer of Plaintiff.  This transfer then subjected Plaintiff to additional violations at the hands of the other Defendants.  Specifically, the Complaint identifies Defendants Adams and Bryant and employees in the mail room as those responsible for stopping Plaintiff's legal mail.  (Complaint, ¶¶ 1-11, 23-25, 37-39).  As Plaintiff's constitutional claims regarding the stopped legal mail do not involve Hellerslia, these claims will be dismissed.[3]

## III. Due Process

Plaintiff next alleges that Hellerslia and the other Defendants denied Plaintiff his procedural

---

[3]Even if the Complaint alleged that Hellerslia was personally involved, Plaintiff has failed to adequately allege that Hellerslia violated his right to access the courts. It is well established that prisoners have a right to access the courts, and an interference with an inmate's outgoing legal mail implicates this right. Lewis v. Casey, 518 U.S. 343 (1996); Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997). An inmate must allege an actual injury to his ability to litigate a claim, otherwise this constitutional right to access the courts has not been violated. Oliver, 118 F.3d at 177-178. "An actual injury is shown only where a nonfrivolous claim, or one of arguable merit, is lost." Diaz v. Palakovich, 2009 WL 811712, *7 (M.D. Pa. Mar. 26, 2009) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2003)). Here, Plaintiff has not articulated any actual injury because the Complaint fails to identify a particular legal matter that was negatively impacted by the stoppage of mail. Therefore, Plaintiff's claim regarding access to the courts must fail.

Plaintiff's claim of stopped mail may also implicate the First Amendment. "The Supreme Court has generally treated interference with the mail as implicating the First Amendment right to free speech." Bieregu v. Reno, 59 F.3d 1445, 1451 (3d Cir. 1995) (citing Bolger v. Youngs Drug Prods. Corp., 463 U.S. 60, 69 and n.18 (1983). Plaintiff is not challenging the Pennsylvania Department of Corrections policy, but is instead claiming that his mail was interfered with after he was transferred. Plaintiff has not alleged any facts regarding the amount or nature of the stopped mail, and we note that a single instance of withheld mail does not constitute a violation of the First Amendment. See Morgan v. Montanye, 516 F.2d 1367 (2d Cir. 1975).

due process right to prison disciplinary proceedings by placing Plaintiff into a "hold" area without a hearing, failing to investigating the charges in the misconduct report, and not providing Plaintiff with a copy of the charges.  This claim will be dismissed, however, because Plaintiff's transfer did not implicate a protected liberty interest.  In order to determine whether a due process violation has occurred, an initial determination must be made that a protected liberty interest exists.  Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).  Prison conditions do not impact a protected liberty interest unless the prison's action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  "[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest."  Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002).

Here, the only infringement alleged by Plaintiff is his transfer from one unit to another.  It is not alleged that the new unit or "hold" was more restrictive than Plaintiff's previous unit.  See Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002) (a transfer to a less amenable and more restrictive quarters does not implicate a liberty interest); Walthour v. Tennis, 2008 WL 4414761, *5-*6 (M.D. Pa. Sept. 24, 2008) (prisoner sanctioned to thirty days of disciplinary custody was not entitled to due process protections).  Because Plaintiff has not alleged that a protected liberty interest has been impacted, the due process claim will be dismissed.

IV. Eighth Amendment

Like Plaintiff's mail stoppage claim, the Complaint does not allege that Hellerslia was personally involved with the purported failure to treat a medical condition, and thus, this claim will also be dismissed.  (Complaint, ¶¶ 1-11).

Even if Plaintiff had alleged that Hellerslia was personally involved, this claim would fail. An Eighth Amendment claim for the improper medical care of a prisoner is analyzed under the standard of "a deliberate indifference to a serious medical need."  To make out a deliberate indifference claim, Plaintiff must allege facts that (1) the defendants were deliberately indifferent to [his] medical needs and (2) those needs were serious.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  Plaintiff has failed to allege any facts that describe what his medical needs were or that they were serious, and consequently, this claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant Rune Hellerslia will be dismissed without prejudice.  Our Order follows.